THE FIRESTONE TIRE & RUBBER COMPANY *vs.*

THE J. P. BRADY COMPANY.

MARCH 10, 1954.

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

FLYNN, C. J.  This action in assumpsit on book account for goods sold and delivered by the plaintiff to the defendant was tried in the superior court before a justice sitting without a jury and resulted in a decision for the plaintiff in the sum of $5,017.59, which included interest in the amount of $163.98.  The case is before us on the defendant's bill of exceptions to that decision and to a certain ruling during the trial.  Only exceptions numbered 10 and 11 have been briefed or argued and therefore the others are deemed to be waived.

The plaintiff is an Ohio corporation with a place of business in the city of Providence in this state and defendant is a Rhode Island corporation doing business in the city of Central Falls.  The evidence for plaintiff consisted of the books of account of the corporation, and the testimony of Grover C. Jones, its district office manager under whose

supervision the books were kept, Frank G. Farno, Jr., plaintiff's credit manager for its eastern division, and George W. Plitt, its credit manager for the Hartford district. On the other hand the evidence for defendant was presented entirely through the testimony of John P. Brady, Jr., its vice-president and general manager.

The evidence for plaintiff in substance showed that considerable merchandise was sold to defendant on open account, and that on June 12, 1952, the date of the writ, after giving defendant certain credits as shown on the books there was a balance then due plaintiff in the amount of $4,853.61. This sum represented a total past due indebtedness of $9,302.51, which was reduced by a credit of $4,149.76 for merchandise returned in accordance with an agreement of June 5, 1952 and certain other credits totaling $299.14.

The plaintiff's testimony showed that its agents Farno and Plitt called on defendant during the morning of June 5, 1952 to obtain payment in full of the past indebtedness, which proved to be approximately $9,300, or to have it substantially reduced; that defendant was unable to pay such amount in cash; and that, in order to help defendant, plaintiff's agents offered to accept a return of tires, tubes and larger appliances to the full amount of such past indebtedness. The conference was suspended until afternoon to give defendant's manager time to think over that offer. When it was resumed the manager objected to such a large return, but agreed that only merchandise in excess of the current needs would be returned for credit and that a substantial payment in cash on account of the balance would be made on or before June 11, 1952. He also represented at the meeting that negotiations were then pending with several banks for an adequate loan.

Pursuant to the agreement, certain trucks were summoned by plaintiff's agents, who also helped defendant to select the merchandise which was to be returned. During that afternoon merchandise to the value of $4,149.76 was taken

away and credit therefor was duly given defendant's account on plaintiff's books. A statement showing such credit was admittedly given to defendant. No cash payment from defendant was received by June 11 in accordance with its promise and two of plaintiff's agents returned on June 12 for a further conference. They demanded a substantial payment on account and when this was not forthcoming the instant proceeding was commenced by a writ of attachment.

The defendant's general manager did not deny delivery of any of the goods charged to defendant on plaintiff's books and he admitted that the conferences were held on June 5 and 12, 1952 as described by plaintiff. But he testified that as a result of the meeting of June 5 plaintiff's agents agreed to take back merchandise equivalent to the full amount of defendant's past indebtedness, and that there was no agreement by him to return a lesser portion of such merchandise and to pay in cash by June 11 a substantial amount on account of the balance. He further testified that pursuant to the agreement as he stated it, part of the merchandise for return and credit was taken late that afternoon by plaintiff in its own trucks; that he expected the trucks would be sent back within the next day or so to take the balance of merchandise necessary to liquidate fully defendant's past indebtedness; that they did not return; and that when plaintiff's agents arrived on June 12 they informed him that their Hartford office had refused to sanction the agreement to take back merchandise equaling the full amount of the past indebtedness. According to him, plaintiff's agents then insisted on immediate payment of the balance in full, threatening that if this were not done defendant would be deprived of its franchise or dealer's agreement and of the opportunity to benefit from advertising already paid for.

The defendant's manager indicated that he had between $14,000 and $20,000 worth of plaintiff's merchandise in

stock. He did not deny that defendant had received credit on plaintiff's books for all the merchandise returned on June 5; that plaintiff also had excluded from the suit a claim for $6,514.46, which represented a charge for merchandise not actually payable until June 20, 1952, that is, after the writ had issued; and that certain other credits for items in dispute had been made on the books.

The defendant contends under exception 10 that the trial justice erred in refusing to strike certain testimony bearing on the failure of defendant's manager to dispute any charges appearing on a statement which was presented to him. On examination we find no prejudicial error in this ruling and the exception is therefore overruled.

The defendant's chief claim is under the eleventh exception. It contends that the decision of the trial justice was clearly wrong; that he misconceived the evidence; and that he overlooked important testimony in reaching his decision. In our judgment defendant's arguments proceed upon an assumption that the understanding reached on June 5, 1952 as to the return of certain merchandise for credit and the making of a substantial payment by June 11 on the balance due is precisely in accordance with defendant's testimony. From an examination of the transcript and exhibits, we think that the evidence was sharply conflicting. In the circumstances the decision of questions involved at that conference depended largely upon the credibility of the witnesses. While defendant seeks to cast doubt upon the books and method of bookkeeping, we are of the opinion that no real discrepancy has been shown. At any rate the books, the explanation of them by plaintiff's district manager, and the other testimony of the agents who participated in the conferences of June 5 and June 12, 1952, if believed, would warrant a decision for the plaintiff. The trial justice was satisfied by such evidence and we cannot agree that he misconceived or misapplied the evidence in reaching his decision, as defendant contends.

It is significant that all the witnesses agree that the conferences of June 5 and June 12, 1952 were held in the presence of defendant's bookkeeper and the manager's father, who also worked for the defendant corporation. The general manager concedes that such employees were aware of the purpose of the visits as disclosed by plaintiff's agents and of the agreements which were reached. However, neither the bookkeeper nor the father of defendant's manager was presented as a witness to corroborate its contention that plaintiff's agents had agreed to liquidate the full past indebtedness; that defendant had not agreed to return certain merchandise as claimed by them; and that it had not promised to make a substantial payment on account by June 11, 1952. Further, defendant's claim that certain of the articles were on consignment is not undisputed.

In our judgment the case is entirely one of fact which was determinable on conflicting evidence and the credibility of the witnesses. In reaching his conclusion thereon we cannot say that the trial justice misconceived or misapplied the law or the evidence. Since we cannot say that he was clearly wrong, the decision must stand.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Boss & Conlan, John T. Keenan,* for plaintiff.

*Fergus J. McOsker,* for defendant.